IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br>Hartford Plaza<br>Hartford, Connecticut 06115,<br><br>        Plaintiff,<br><br>v.<br><br>ACE FIRE UNDERWRITERS INSURANCE COMPANY f/k/a/ CIGNA FIRE UNDERWRITERS INSURANCE CO.,<br>436 Walnut Street<br>Philadelphia, Pennsylvania 19106<br><br>    and<br><br>LEE SHPRITZ, individually and as Trustee of the Assets of L&R Properties, Inc.<br>808 N. Calvert Street<br>Baltimore, Maryland 21202,<br><br>        Defendants. | Filed: ____ |

## COMPLAINT

Plaintiff Hartford Fire Insurance Company ("Hartford"), by its undersigned counsel, brings this Complaint against defendant ACE Fire Underwriters Insurance Company f/k/a CIGNA Fire Underwriters Insurance Company ("ACE"), and defendant Lee Shpritz, individually and as trustee of the Assets of L&R Properties (hereinafter, "Shpritz"), and in support thereof states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action for declaratory judgment and decree pursuant to 28 U.S.C. § 2201, and for other relief.

2. Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

3. ACE is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

4. Shpritz is a citizen of Maryland.

5. This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and diversity exists between Hartford, which is a citizen of Connecticut, and ACE, which is a citizen of Pennsylvania, and Shpritz, who is a citizen of Maryland.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c). Shpritz resides in Baltimore, Maryland. ACE is licensed to do business and transact business in the District. ACE is subject to personal jurisdiction in this District as this action arises out of a dispute concerning coverage afforded by general liability insurance policies covering matters within this District in connection with a lawsuit filed in the Circuit Court for Baltimore City, Maryland.

## FACTS

### THE ACE GENERAL LIABILITY POLICY

7. CIGNA Fire Underwriters Insurance Company, predecessor in interest to ACE, issued general liability insurance policies to Elliott L. Thompson ("Thompson"), including but not limited to the following relevant general liability policy: policy number AOP D3 24 02 80 A, for the policy period 10/02/1995-10/02/1996 ("the CIGNA Policy"). Shpritz and L&R Properties, Inc. ("L&R Properties") are insureds under the CIGNA Policy.

## THE HARTFORD GENERAL LIABILITY POLICIES

8.  Hartford issued to Shpritz the following relevant general liability insurance policies: policy number 30 SBA CL0813, for the policy period 04/11/1996-04/11/1997, and policy number 30 SBA CL0813, for the policy period 04/11/1997-04/11/1998 ("the Hartford Policies"). L&R Properties is named as an additional insured under the Hartford Policies.

9.  The Business Liability Coverage Form of the Hartford Policies ("the Coverage Form") provides in pertinent part as follows:

> **b.** This insurance applies:
>
> > **(1)** To "bodily injury" or "property damage" only if:
> >
> > > **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
> > >
> > > **(b)** The "bodily injury" or "property damage" occurs during the policy period.
>
> \* \* \*
>
> **c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from "bodily injury."
>
> \* \* \*
>
> "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death from any of these at any time.

10.  The Limitation of Coverage - Real Estate Operations endorsement (Form SS 05 01 03 92) contained in the Hartford Policies ("the Real Estate Operations Endorsement") modifies the Coverage Form, and provides:

> With respect to real estate operations, this insurance applies only to "bodily injury," "property damage," and "personal injury" or "advertising injury" arising out of the ownership, operation, maintenance or use of:
>
> **1.** Such part of any premises you use for general office purposes;

and

    **2.** Premises listed with you for sale or rental, if:

        **a.** You do not own, operate, manage or rent the premises;

        **b.** They are not in your care, custody, or control; or

        **c.** You do not act as agent for the collection of rents or in any supervisory capacity.

11.     The Hartford Policies contain other terms, conditions, and exclusions limiting coverage.

## THE LAWSUIT

12.     On or about March 6, 2008, J.R., a minor by his next friend, Pamela Robinson-Wooden ("Robinson-Wooden"), filed a lawsuit captioned *J.R. v. Elliott Thompson, et al.*, Case No. 24-C-08-001622LP, in the Circuit Court for Baltimore City, Maryland, against, Shpritz, and L&R Properties ("the Underlying Lawsuit"). A true and correct copy of the complaint filed in the Underlying Lawsuit (the "Complaint") is attached hereto as Exhibit "A."

13.     The Complaint alleges, *inter alia*, that:

    a.     J.R. was born on September 6, 1996;

    b.     Robinson-Wooden and J.R. lived at 2211 Roslyn Avenue, Baltimore, Maryland ("the Rental Property"), and inaccurately alleges that they did so from approximately 1997 to approximately 1998;

    c.     from the beginning of Robinson-Wooden's tenancy at the Rental Property, the Rental Property contained lead-based paint that was in such a deteriorated condition that it was peeling, chipping and flaking from the walls, baseboards, windowsills and other areas of the premises;

    d.     at all relevant times, Thompson was the owner of the Rental Property;

   e. at all relevant times, L&R Properties and Shpritz managed, maintained, operated and controlled the Rental Property;

   f. as a direct and proximate result of the acts and omissions of Thompson, Shpritz, and L&R Properties, J.R. was exposed to quantities of chipping, peeling, and flaking lead-based paint at the Rental Property during Robinson-Wooden's tenancy at the property; and

   g. as a consequence of J.R.'s exposure to the lead-based paint at the Rental Property, J.R. suffered lead poisoning and brain damage, resulting in developmental behavioral injury.

  14. The Complaint includes counts for negligence and unfair trade practices against Shpritz and L&R Properties, however, the count for unfair trade practices has been dismissed with prejudice as to Shpritz and L&R Properties.

  15. Discovery in the Underlying Lawsuit has revealed that certain of the allegations in the Complaint are not accurate, and that Robinson-Wooden lived at the Rental Property from approximately July 25, 1996, through and including June 1, 1998, and was pregnant with J.R. when she moved into the Rental Property on or about July 25, 1996. A true and correct copy of the rental agreement executed by Robinson-Wooden with respect to the Rental Property is attached hereto as Exhibit "B."

  16. Discovery in the Underlying Lawsuit has also established that Thompson and L&R Properties entered into a property management agreement on or about June 29, 1994, with respect to properties owned by Thompson, including but not limited to the Rental Property ("the Property Management Agreement"). As per the Property Management Agreement, Thompson agreed to provide, at his sole cost and expense, comprehensive general liability insurance, including lead paint coverage, for the benefit of L&R Properties, of which Shpritz was the owner and an employee. A true and correct copy of the Property Management Agreement is attached hereto as Exhibit "C."

17. J.R. seeks damages from Shpritz, L&R Properties (and Thompson) for his alleged mental and physical injury suffered as a result of his exposure to lead-based paint at the Rental Property.

18. The Underlying Lawsuit is currently scheduled for trial on June 27, 2011.

## THE DEFENSE OF SHPRITZ AND L&R PROPERTIES IN THE UNDERLYING LAWSUIT

19. Shpritz and L&R Properties tendered the defense of the Underlying Lawsuit to Hartford.

20. In response to the tender by Shpritz and L&R Properties, Hartford agreed to participate in the defense of Shpritz and L&R Properties in the Underlying Lawsuit, pursuant to a reservation of its rights.

21. ACE has declined to defend Shpritz or L&R Properties in the Underlying Lawsuit. On information and belief, Hartford maintains that ACE has an obligation to defend Shpritz and L&R Properties in the Underlying Lawsuit under the CIGNA Policy.

22. To date, Hartford has incurred in excess of $140,000 in the defense of Shpritz and L&R Properties in the Underlying Lawsuit.

23. Hartford estimates that the total cost of defending Shpritz and L&R Properties in the Underlying Lawsuit will be approximately $200,000.

## COUNT 1 - DECLARATORY RELIEF AS TO ACE

24. Hartford incorporates by reference the allegations of all of the foregoing paragraphs of this Complaint.

25. The Underlying Lawsuit, on its face, shows a potential for coverage under the CIGNA Policy with respect to the allegations against Shpritz and L&R Properties.

26. The CIGNA Policy provides primary coverage with respect to the claims that were alleged as to Shpritz and L&R Properties in the Underlying Lawsuit.

27. Hartford agreed to participate in the defense of Shpritz and L&R Properties in the Underlying Lawsuit, pursuant to a reservation of its rights

28. ACE has declined to defend Shpritz or L&R Properties in the Underlying Lawsuit.

29. Hartford seeks a declaration that to the extent that ACE is obligated to defend Shpritz and L&R Properties in the Underlying Lawsuit, it must pay its appropriate share of the attorneys' fees and costs incurred in the defense of Shpritz and L&R Properties in the Underlying Lawsuit.

30. Hartford has paid more than its fair share of the defense of Shpritz and L&R Properties in connection with the Underlying Lawsuit, and thus, Hartford has standing to seek a declaration as to ACE's obligation to defend Shpritz and L&R Properties in the Underlying Lawsuit.

31. An actual and justiciable controversy exists as to whether ACE has an obligation to defend Shpritz and L&R Properties in the Underlying Lawsuit and to pay its share of defense fees and costs on behalf of Shpritz and L&R Properties in the Underlying Lawsuit.

WHEREFORE, Hartford respectfully requests that the Court enter judgment (1) declaring that ACE is obligated to defend Shpritz and L&R Properties in the Underlying Lawsuit; (2) declaring that ACE is, going forward, obligated to contribute its fair share to the cost of the defense of Shpritz and L&R Properties in the Underlying Lawsuit; (3) requiring ACE to pay Hartford its appropriate share of the attorneys' fees and costs incurred to date in connection with its defense of Shpritz and L&R Properties in the Underlying Lawsuit; (4) awarding Hartford its attorneys' fees and costs in this action; and (5) granting such other and further relief as justice may require.

## COUNT II - EQUITABLE CONTRIBUTION AS TO ACE

32.     Hartford incorporates by reference the allegations of all the foregoing paragraphs of this Complaint.

33.     Hartford, upon the demand of Shpritz and L&R Properties, has paid the full cost of the defense of Shpritz and L&R Properties, subject to a reservation of its rights.

34.     Hartford, by paying the cost of the defense of Shpritz and L&R Properties, has paid more than its fair share of that defense.

35.     Equity requires that ACE pay to Hartford its fair share of the defense of Shpritz and L&R Properties.

WHEREFORE, Hartford requests that the Court enter judgment in its favor against ACE (1) requiring ACE to pay Hartford its equitable share of the sums paid by Hartford to defend Shpritz and L&R Properties in the Underlying Lawsuit; and (2) granting such other and further relief as justice may require.

## COUNT III - EQUITABLE SUBROGATION AS TO ACE

36.     Hartford incorporates by reference the allegations of all the foregoing paragraphs of this Complaint.

37.     Hartford, upon the demand of Shpritz and L&R Properties, has paid the full cost of the defense of Shpritz and L&R Properties, subject to a reservation of its rights.

38.     By paying the full cost of the defense of Shpritz and L&R Properties, Hartford has discharged a legal obligation which should have been met, either wholly or partially, by ACE.

39. Equity requires that ACE make restitution to Hartford by reimbursing Hartford for its fair share of the fees and costs incurred by it in connection with the defense of Shpritz and L&R Properties in the Underlying Lawsuit.

WHEREFORE, Hartford requests that the Court enter judgment in its favor against ACE (1) requiring ACE to pay to Hartford its equitable share of the sums paid by Hartford to defend Shpritz and L&R Properties in the Underlying Lawsuit; and (2) granting such other and further relief as justice may require.

## COUNT IV - UNJUST ENRICHMENT AS TO ACE

40. Hartford incorporates by reference the allegations of all the foregoing paragraphs of this Complaint.

41. By paying the entire cost of the defense of Shpritz and L&R Properties in the Underlying Lawsuit, although ACE is legally obligated to share in that cost, Hartford has conferred a benefit on ACE.

42. ACE, which is on notice of the Underlying Lawsuit and the payment of the cost of defense thereof by Hartford, has appreciated that benefit.

43. To permit ACE to retain this benefit would reward its failure to recognize its contractual obligation, encourage such recalcitrance in other cases, and penalize Hartford for recognizing its contractual obligations.

44. Under these circumstances, it would be inequitable for ACE to retain the benefit that Hartford has conferred upon it.

WHEREFORE, Hartford requests that the Court enter judgment in its favor against ACE (1) requiring ACE to pay to Hartford its equitable share of the sums paid by Hartford to defend Shpritz and L&R Properties in the Underlying Lawsuit; and (2) granting such other and further relief as justice may require.

### COUNT V – DECLARATORY RELIEF AS TO SHPRITZ

45. Hartford incorporates by reference the allegations of all of the foregoing paragraphs of this Complaint.

46. The Real Estate Operations Endorsement limits coverage "[w]ith respect to real estate operations" under the Hartford Policies. The Real Estate Operations Endorsement provides coverage under the Hartford Policies only if Shpritz and L&R Properties did not "own, operate, manage, or rent" the Rental Property or did not have "care, custody, or control" of the Rental Property.

47. J.R. asserts a negligence claim against Shpritz and L&R Properties in the Underlying Lawsuit. J.R. also alleges that Shpritz and L&R Properties managed, maintained, operated and controlled the Rental Property, and, that as a result of the actions or omissions of Shpritz and L&R Properties, J.R. was exposed to and suffered damages from lead-based paint at the Rental Property.

48. Thompson and L&R Properties entered into the Property Management Agreement with respect to properties owned by Thompson, including but not limited to the Rental Property. The Property Management Agreement was in effect at all relevant times.

49. Because The Real Estate Operations Endorsement precludes coverage for the claims asserted against Shpritz and L&R Properties in the Underlying Lawsuit, Hartford has no obligation

defend Shpritz or L&R Properties in the Underlying Lawsuit, nor does it have an obligation to pay any judgment entered against Shpritz and L&R Properties in the Underlying Lawsuit.

WHEREFORE, Hartford respectfully requests that the Court enter judgment (1) declaring that Hartford has no duty to defend or indemnify Shpritz and/or L&R Properties with respect to the Underlying Lawsuit; and (2) granting such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Hartford hereby demands a jury trial.

Respectfully submitted,

/s/ Emily M. Datnoff
Susan M. Hogan, Bar No. 28178
Emily M. Datnoff, Bar No. 29464
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Phone: 410-752-6030
Facsimile: 410-539-1269
shogan@kg-law.com
edatnoff@kg-law.com
*Attorneys for Hartford Fire Insurance Company*